UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GUILLERMO BALANCE-SOLER,

          Petitioner,

                             **Hon. Hugh B. Scott**

          v.                               **04CV208**
                                        **(Consent)**

                                         **Decision**
THOMAS POOLE, Superintendent,           **&**
                                         **Order**

          Respondent.

Petitioner Guillermo Balance-Soler ("Petitioner" or "Balance") has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction. He asserts ineffective assistance of counsel in support of his Petition. The parties consented to proceed before the undersigned as Magistrate Judge (pursuant to 28 U.S.C. § 636(c)). (Docket No. 7, October 26, 2004.)

## BACKGROUND

*Offense and State Court Proceedings*

Petitioner was charged with second degree murder, N.Y. Penal Law § 125.25(1), and one count of depraved indifference murder, N.Y. Penal Law § 125.25(2), for the murder of Maria DeJesus. He was tried in New York State Supreme Court (Monroe County, Geraci, J.). The trial testimony established that DeJesus was killed on February 6, 2000, when her boyfriend, Balance, stabbed her. Petitioner's defense counsel argued that he was under extreme emotional disturbance and not sufficiently responsible to have intended DeJesus' murder. Counsel,

however, did not introduce evidence of petitioner's intoxication, instead argued that DeJesus had been drinking and became belligerent when drinking, eventually leading to petitioner "losing it" and attacking DeJesus.  (See SCR[1], Trial Tr. at 538-38.)  Defense counsel argued in summation that, after the attack, petitioner turned himself in and cooperated with the police, cooperating not to get a deal or because he was intoxicated (id. at 546-47).  The jury found petitioner guilty and, after the jury trial, on November 13, 2000, petitioner was sentenced to twenty years to life in prison.

*Appeal*

Petitioner appealed the judgment of conviction to the New York State Supreme Court, Appellate Division, Fourth Department, arguing that the jury instruction on extreme emotional disturbance was defective.  The Fourth Department affirmed the conviction.  People v. Balance-Soler, 298 A.D.2d 927, 748 N.Y.S.2d 88 (4th Dep't), leave denied, 99 N.Y.2d 555, 754 N.Y.S.2d 207 (2002).  (See also Docket No. 1, Pet. Exs. C, D.)

*Post Conviction Motion*

Petitioner, proceeding pro se as he is presently with this habeas petition, filed a motion to vacate the judgment under New York Criminal Procedure Law § 440.10, arguing ineffective assistance of trial counsel in not arguing an intoxication defense to the element of intent.  In particular, petitioner claimed that defense counsel did not introduce any evidence and did not call petitioner as a witness; she did not introduce evidence of petitioner's intoxication; counsel did not seek an intoxication defense charge, instead stipulating to the extreme emotional distress

---

[1]"SCR" refers to the State Court Record filed with respondent's responding papers on May 17, 2004.

charge; counsel failed to challenge the validity of the translation by the police investigator to petitioner's statement about how much he had to drink the night of the attack; and defense counsel argued that petitioner was not intoxicated when he spoke with the police shortly after the incident. (Docket No. 1, Pet., Ex. E.) On November 6, 2003, the County Court agreed with the prosecution (see Docket No. 1, Pet., Ex. F, prosecutor's affirmation) and ruled that petitioner failed to argue these grounds on appeal and failed to provide substantiation (including an affirmation from defense counsel) to support his claim of ineffective assistance. Alternatively, the court found on the merits of petitioner's motion that his allegations did not rise to the level of ineffective assistance, applying New York's standard and concluding that petitioner received meaningful representation (Docket No. 1, Pet., Ex. G, at 4-7). This motion, the court concluded, was petitioner's dissatisfaction with a losing trial tactic (id. at 7).

Petitioner then sought leave to appeal this decision, but the Fourth Department denied leave (Docket No. 1, Pet., Ex. I, decision of Jan. 30, 2004).

*Habeas Petition*

Petitioner then filed this Petition on March 30, 2004 (Docket No. 1) alleging the single claim of ineffective assistance of counsel. Respondent filed an Answer with attached record from the state court proceedings (Docket No. 5 (May 17, 2004)).

**DISCUSSION**

I.   Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts. See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing

Picard v. Connor, 404 U.S. 270, 275 (1971).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.  Based on the record before the Court, it appears that the petitioner has exhausted his state court remedies.  In any event, review of the claims asserted in the Petition is appropriate under § 2254(b)(2).

II.     Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal
>        law, as determined by the Supreme Court of the United
>        States; or

---

[2]    Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989). As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue ... shall be presumed to be correct," unless certain specified exceptions existed. When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d). The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal determinations").

Initially, it should be noted that the petitioner has failed to preserve these arguments for habeas corpus review.  Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground.  See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection. Reid, supra, 961 F.2d at 377. Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto. Wainwright, supra, 433 U.S. at 81-91 (1977);  Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principals have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 1996 WL 692003 (S.D.N.Y. 1996).

Here, petitioner did not raise the ineffectiveness of trial counsel on his initial appeal and, when raised in his post conviction motion, that claim was denied on state law grounds.  On that basis alone, this habeas Petition should be dismissed.

III.     Procedural Bar

Where a procedural bar arises, a claim is barred from federal habeas review unless the petitioner can demonstrate cause for the procedural default and prejudice flowing therefrom or that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1990); Vargas v. Keane, 86 F.3d 1273, 1280 (2d Cir.), cert. denied, 519 U.S. 895 (1996).

The County Court expressly applied the New York State Constitution (art. I, § 6) and followed New York precedents regarding ineffectiveness of counsel. (Docket No. 1, Pet., Ex. G, at 5.) That court cited several New York decisions that strike out a different standard for whether a litigant received ineffective assistance. People v. Benevento, 91 N.Y.2d 708, 713, 715, 674 N.Y.S.2d 629, 633 (1998) (New York's standard predates Strickland v. Washington); see People v. Flores, 84 N.Y.2d 184, 188-89, 615 N.Y.S.2d 662, 664 (1994); People v. Baldi, 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 898 (1981). That standard is "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met." Baldi, supra, 54 N.Y.2d at 147, 444 N.Y.S.2d at 898.

Petitioner, as found by the County Court, failed to provide substantiation for his intoxication and did not provide an affirmation of defense counsel to explain her tactics relative to petitioner's claimed intoxication defense.

IV.Ineffective Assistance of Counsel

A.Federal Standard

Petitioner's claim of ineffective assistance of counsel must be analyzed in this federal habeas proceeding according to the standards set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  Cf. Barclay v. Spitzer, No. 02CV2184, 2005 U.S. Dist. LEXIS 11128 at *26-27 (E.D.N.Y. June 9, 2005) (Weinstein, J.) (noting that New York State standard for attorney competence was more useful than the federal standard, but compelled to use federal standard until either the Second Circuit in banc or the Supreme Court adopts New York's standard), noted in N.Y.L.J., June 14, 2005, at 1, 2.  In Strickland, the Court stated that the test for an ineffective-assistance claim in a habeas corpus case is whether the petitioner received "reasonably competent assistance."  Id. 466 U.S. at 688.  In deciding this question, the court must apply an objective standard of reasonableness.  Id.  Generally, defense counsel are "strongly presumed to have rendered adequate assistance . . ."  Id. at 690.  To succeed on such a claim, then, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

If defense counsel's performance is found to have been defective, relief may only be granted where it is shown that the defense was actually prejudiced by counsel's errors. Strickland, supra, 466 U.S. at 692.  Prejudice is established upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  The court determines the presence or absence of prejudice by considering the totality of the trial evidence.  Id. at 695.

Here, as the County Court found, petitioner was dissatisfied with a trial tactic that did not work. Counsel argued extreme emotional disturbance, essentially that the victim's drinking and violence provoked petitioner, without mentioning petitioner's intoxication. Since petitioner told investigators that he had two beers and did not have a blood alcohol test (cf. Docket No. 1, Pet., Ex. E, at 11; SCR, Trial Tr. at 478 (petitioner's statement, that he drunk two beers), 487 (cross examination of investigator Baez, petitioner stated that he was not drunk when he stabbed DeJesus)), it was reasonable for defense counsel to not attempt an intoxication defense. Arguing extreme emotional distress is a sound trial strategy and hence reasonably competent under Strickland's constitutional analysis. As for the prejudice prong of Strickland, petitioner has not established that he would have received better treatment had an intoxication defense been raised and charged to the jury.

B.     Application of New York Standard and AEDPA

Since the County Court applied New York's standard, the preliminary issue becomes whether this reliance on the state standard resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d) (as amended by AEDPA). But there is no difference in the result between the Strickland and New York ineffective assistance standard in this case. Under either standard, merely arguing that another theory should have been tried is not sufficient to establish ineffective assistance of counsel.

Therefore, petitioner's claim of ineffective assistance (under either the federal or New York standard) fails and this Habeas Petition is **denied**.

V.	Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a state court requires a certificate of appealability before an appeal can be taken.  28 U.S.C. § 2253(c)(1)(A).  Under that statute "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003).  As discussed above, the claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right.  There is an adequate independent state law ground that bars federal habeas review.  Thus, the Court **declines** to issue a certificate of appealability.

## CONCLUSION

Based on the above, the petition is **DENIED**.  The Court declines to issue a certificate of appealability.  The Clerk of the Court is instructed to enter judgment consistent with this Order.  Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York<br>
       June 24, 2005